### C., H. V. AND TOLEDO RY. CO. v. CELLEY, ADMR., ETC.

1. INSPECTION OF CARS.

One entering the service of a railroad company in the capacity of conductor of a train, has a right to exact from the company such care in the inspection of the cars composing his train as is usual among those engaged in the operation of railroads, and no more.

2. ACTION FOR NEGLIGENTLY CAUSING DEATH.

In an action against a railroad company for negligently causing the death of an employee, it is incumbent upon the plaintiff to show negligence on the part of the company presumedly causing the death. ·

SHAUCK, J.

In this case the plaintiff in error seeks a reversal of the judgment rendered against it in the court of common pleas, upon the sole ground that the verdict and judgment there are against the manifest weight of the evidence.

The following facts are not controverted:

That on the 20th day of October, 1883, and for about two years prior thereto, the defendant's intestate, Nathan F. Celley, was employed by the plaintiff as conductor of a freight train; that on the morning of that day he was sent with an engine and crew to bring the train of thirty loaded cars with a caboose attached from the village of Nelsonville, sixty miles distant, to the city of Columbus; that upon his return, when within a few miles of the city, and while

the train was descending a grade of about a mile in length, the brakes were set upon the rear car, as is customary for the purpose of keeping the train taut; that upon reaching Walnut creek at the foot of the grade, one of the wheels in the rear truck of the rear car—that immediately in front of the caboose in which Celley was riding—broke, and caused the caboose to be precipitated into the creek, a distance of some thirty feet; that Celley was caught in the broken timbers of the caboose and killed; that the accident which resulted in Celley's death, was caused by the breaking of the wheel, which was due—as was subsequently discovered—to a crack or flaw in the wheel, whereby it was insufficient to resist the expansion occasioned by the heat generated by the continued application of the brakes; that the company had exercised due care in the purchase and selection of the wheel; that it had no actual previous knowledge of the defect referred to, and that Celley was guilty of no negligence contributing to the accident which resulted in his death.

The definite subject of controversy is, whether the wheel, after being put into one of the cars, was subject to such inspection as would fill the measure of the company's duty to its employe; and we are to determine whether the record contains such evidence as would warrant the jury, guided by instructions that are admitted to have been correct, in finding that the company failed of its duty in this respect.

The rules by which the duties and liabilities of employer and employee are to be determined in a case of this character, are firmly settled in Ohio. Those rules, so far as they are pertinent here, are as follows:

1. Within the scope of a railroad company's duty to an employee engaged in the management of its train, it is bound to use reasonable care in the employment of careful and competent inspectors of cars, and the means of repairing defects in those to be used in its trains.

2. A railroad company is not liable for an injury sustained by one of its servants which was caused by the negligence of a fellow servant engaged in the same employment.

3. Inspectors of cars in the yards of the company, and employees engaged in the management of its trains, are to be regarded as fellow servants engaged in a common service.

4. Although the conductor of a train of railway cars undertakes his engagement in view of the nature and hazards of his employment, he has reason to expect and a right to exact that reasonable care and diligence on the part of his employer, in furnishing such safe and sufficient cars and machinery for the train and such provisions for the inspection thereof, as is most common and usual in the business of railroad companies; and being presumed to contract in contemplation of this, he can require no more.

5. It is incumbent upon a plaintiff asserting a right of action founded upon the negligence of the defendant, to prove affirmatively negligence causing the injury of which he complains. The presumption of law is, that neither party was guilty of negligence, and such presumption must prevail until overcome by proof. Railroad Co. v. Webb, 12 O. S., 475; Railroad Co. v. Fitzpatrick, 42 O. S., 318; Railroad Co. v. Barber, 5 O. S., 541; Railroad Co. v. Crawford, 24 O. S., 631.

From the rules furnished by these decisions, another that is pertinent to this controversy, is plainly deducible, viz.:

Within the scope of the company's duty to its employees engaged in the management of its trains, it is bound to employ such number of competent inspectors as may be necessary, in view of the extent of its business, to make such careful inspection of the cars composing its trains, as is common and usual in the transaction of the business of railroad companies.

The employer's duty in this respect cannot be fulfilled by a mere ceremony of inspection, even though it be performed by competent inspectors, if it have knowledge of the fact that they are insufficient in number to perform their

duties properly. In this respect the employee is entitled to such immunity from danger, as would be secured to him by such actual inspection of the cars as is usually made by those engaged in operating railroads; subject, however, to the qualification that the company is not liable for the negligence of his fellow servant.

The plaintiff below did not undertake to show that the company's inspectors were incompetent, and she wholly failed to show that the system or mode of inspection was not approved by the general usage of railroad companies with respect to their freight trains.

The evidence offered by the company clearly shows that its inspectors were competent, and that its mode of inspection was that usually applied by railroad companies to their freight trains.

The claim made in support of the judgment below is, that admitting the competency of the inspectors and the propriety of the mode of inspection, the evidence shows that at the company's yard in the city of Columbus, the number of inspectors was wholly inadequate to the proper performance of their duties, and that inspections were in fact hurriedly and imperfectly made. The evidence tends very strongly to support this claim; and if it was competent for the jury to exercise their own judgment upon this subject, we cannot say that their conclusion is not supported by the evidence. For the standard by which the performance of the company's duty in this respect is to be determined, we have but to refer to the rules already stated. The contract of employment was not made with reference to such care and diligence on the part of the employer, as a jury, exercising its own judgment, might deem due and reasonable. It was made with reference to such care and diligence on the part of the employer as is usual among those engaged in the operation of railroads. It was not the province of the jury upon the trial, nor is it ours upon a review of the evidence, to change the standard of performance. The question for the jury was, whether the employer had exercised the care and diligence which were usual among railroads in the inspection of freight trains. There was no evidence whatever before the jury which would support a negative answer to that question.

The evidence of the plaintiff below was confined to the mode of conducting inspections at the company's yard in Columbus. For all that appears in the evidence offered by her, there may have been elsewhere such inspection as it was the employer's duty to make.

The evidence offered by the defendant below shows that according to the rules of the company, this car was inspected at Nelsonville before leaving for Columbus on the day of the accident; that competent inspectors were stationed there, and that the company's rules required them to inspect all cars with care, and to permit only those that were road-worthy to leave the yard. No witness testifies that even in his own judgment this last inspection was imperfect, or that the inspectors stationed there were not competentt to properly perform the duties imposed upon them. Their competency in all respects being admitted, their negligence, if they were negligent, was that of fellow-servants, for which the employer is not liable.

In view of these controverted facts, a previous negligent inspection of the car at Columbus, even if shown, could not properly be regarded as the immediate cause of the accident. Of however long standing the flaw in the wheel may have been, it could not have diminished in size between the two inspections. If it defied detection upon the proper inspection which we must assume to have been made at Nelsonville upon the day of the accident, there is no warrant for the inference that it would have been detected by a like inspection upon an earlier day at Columbus.

We do not feel called upon to determine any question involving the credibility of witnesses or the weight of the evidence. A majority are of the opinion that the verdict and judgment below resulted from a misapplication of the

law to the evidence, and that in the substantial respects indicated, the plaintiff there failed to show a liability on the part of the employer.

Judgment reversed, with costs, and cause remanded.

J. A. Wilcox, for plaintiff.

L. J. Critchfield and Marriott & Hughes, for defendant.